IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA CENTRAL DIVISION

| | |
|---|---|
| PROWLER EQUIPMENT LLC,<br>    Plaintiff,<br><br>    vs.<br><br>WARD EQUIPMENT, LLC,<br>    Defendant. | No. 4:26-cv-281<br><br>COMPLAINT<br><br>JURY DEMAND |

Plaintiff Prowler Equipment LLC, by and through counsel, for its Complaint against Defendant Ward Equipment, LLC alleges, on knowledge as to its own actions and otherwise upon information and belief, as follows:

**PRELIMINARY STATEMENT**

1. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaration that Plaintiff's conduct does not infringe Defendant's alleged PROWLER trademark (the "Defendant's Mark") or constitute unfair competition under the Lanham Act, 15 U.S.C. §1051 et. seq.  Plaintiff further seeks a declaration that Defendant owned no rights in Defendant's Mark as of any date that would give Defendant prior trademark rights.

2. This action arises out of Defendant's demands set out in its May 26, 2026 letter to Plaintiff that Plaintiff cease and desist from using the mark PROWLER in both character and design configurations ("Plaintiff's Marks") in connection with sewer easement machines and its threats to commence legal action against Plaintiff if it does not comply with Defendant's demands. Plaintiff disputes Defendant's claim of ownership of prior rights in Defendant's Mark and denies that it has infringed or otherwise violated any rights of Defendant.

3. In the alternative, this is an action for infringement of Plaintiff's trademark rights in the PROWLER trademark and for unfair competition and designation of origin under Section 43(a) of

the Lanham Act, 15 U.S.C. § 1125(a) arising from Defendant's use of PROWLER in conjunction with rubber tracks and rubber track pads for excavators.

## THE PARTIES

4.    Plaintiff is an Iowa limited liability company with its principal place of business in Grimes, Iowa.

5.    Plaintiff designs and manufactures sewer cleaning equipment.  Its flagship product is the PROWLER easement machine, which is a mobile jetter unit designed to enable the cleaning of sewers and other pipelines in hard-to-access environments in which large jetter trucks cannot operate.

6.    On information and belief, Defendant Ward is an Indiana limited liability company with its principal place of business in Greensburg, Indiana.

7.    Ward makes and sells rubber tracks and rubber track pads for excavators.

## JURISDICTION AND VENUE

8.    This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

9.    This court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332(a), 1338(a) and (b), 2201, and 2202, and pursuant to the principles of supplemental jurisdiction under 28 U.S.C. § 1367.

10.    An actual and justiciable controversy exists between the parties as set forth herein.

11.    The matter in controversy exceeds the sum or value of $75,000.

12.    This Court has supplemental jurisdiction over Plaintiff's state law claim pursuant to 28 U.S.C. § 1367, as that claim arises from the same nucleus of operative facts as the federal claims.

13.    Personal jurisdiction over Defendant is proper in this District because it has conducted business in Iowa relating to its business, and enforcement of its alleged rights, under the mark

2

PROWLER.  Personal jurisdiction over Defendant is further proper because Defendant has purposefully directed its activities at the State of Iowa, including by sending a cease-and-desist letter to Plaintiff in Iowa, threatening trademark infringement litigation and demanding that Plaintiff cease all use of PROWLER in Iowa and throughout the United States, and infringing Plaintiff's trademark rights in Iowa.  Ward's demand letter created an actual and imminent threat of litigation directed at an Iowa resident, constituting purposeful availment of the privileges and protections of Iowa law sufficient to support the exercise of personal jurisdiction.

14.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because of Ward's allegations that infringement of its PROWLER mark has occurred, and is occurring, in this District, and therefore, a substantial part of the events giving rise to the claims occurred in this District.

## FACTS

15.    In approximately 1996, a California entity called 3T Equipment Company, Inc. ("3T"), began making and selling sewer easement machines under the trademark PROWLER.

16.    Under 3T's ownership, PROWLER machines were assembled in California.

17.    From approximately 1996 to 2022, 3T consistently sold PROWLER-branded sewer easement machines to municipalities, irrigation districts, and other clients nationwide.

18.    From approximately 2002 to 2022, Plaintiff's parent corporation, Elliott Equipment Company, was an authorized dealer of 3T's PROWLER easement machines.

19.    On August 1, 2022, Plaintiff purchased from 3T all assets related to the PROWLER product line, including all of 3T's right, title, and interest in the trademark PROWLER (the "Acquisition").

20.     Since the Acquisition, Plaintiff moved PROWLER assembly operations to Grandview, Missouri and its executive operations to Des Moines, Iowa.  Plaintiff continues to manufacture and sell PROWLER-branded sewer easement machines nationwide.

21.     Plaintiff is the owner of valid and subsisting United States Trademark Registration No. 7,961,311 on the Principal Register in the United States Patent and Trademark Office (the "USPTO") for the mark PROWLER (the "Character Mark").

22.     The Character Mark was applied for on April 26, 2023, and registered on September 23, 2025.

23.     The Character Mark is registered in connection with easement machines for cleaning pipes, drains, sewers, and culverts; pipe cleaning machines; machines for cleaning surfaces using high-pressure water; machines for blast cleaning a surface; drain jetters; sewer jetters.

24.     No portion of the Character Mark is disclaimed.

25.     Plaintiff is also the owner of valid and subsisting United States Trademark Registration No. 7,961,310 on the Principal Register in the USPTO for the following design mark (the "Design Mark"):



26.     The Design Mark was applied for on April 26, 2023, and registered on September 23, 2025.

27.     The Design Mark is registered in connection with easement machines for cleaning pipes, drains, sewers, and culverts; pipe cleaning machines; machines for cleaning surfaces using high-pressure water; machines for blast cleaning a surface; drain jetters; sewer jetters.

28.     No portion of the Design Mark is disclaimed.

## EXISTENCE OF AN ACTUAL CONTROVERSY

29.    There is an actual controversy within the jurisdiction of this Court under 28 U.S.C. §§ 2201 and 2202.

30.    On or about May 26, 2026, Plaintiff received a cease-and-desist letter from Defendant ("Defendant's Letter") objecting to Plaintiff's use of Plaintiff's Marks, claiming that their use constitutes trademark infringement.  In its letter, Defendant demanded that Plaintiff cease all use of Plaintiff's Marks, deliver up for destruction all material bearing Plaintiff's Marks, provide an accounting of all sales/revenues/units sold/advertising expenditures/channels of trade, and preserve all documents, communications, and electronically stored information pending resolution of this matter.  Defendant also stated that if Plaintiff did not comply with its demands, Defendant would initiate litigation and seek injunctive relief, monetary damages, disgorgement of profits, and attorney fees.

31.    Attached hereto as Exhibit 1 is a true and correct copy of Defendant's Letter.

32.    Defendant's accusations of infringement are without basis because Defendant owned no trademark rights in Defendant's Mark that existed prior to the date that Plaintiff commenced use of Plaintiff's Marks on which to base these claims.

33.    Defendant's accusations of infringement are without basis because consumers are not likely to be confused by Plaintiff's use of Plaintiff's Marks, at least for the reason that Plaintiff's and Defendant's respective goods (sewer easement machines and rubber tracks for excavators) are distinct.

34.    Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant as to whether Plaintiff's conduct constitutes trademark infringement under the Lanham Act, and whether Defendant owns valid trademark rights in Defendant's Mark that existed prior to any date on which Plaintiff may rely.

35.   In view of Defendant's threats and allegations, Plaintiff needs and is entitled to a judicial declaration that Plaintiff's conduct does not infringe Defendant's alleged trademark rights in Defendant's Mark, and that Defendant owns no protectable trademark rights in Defendant's Mark that existed prior to any date on which Plaintiff may rely. Absent a declaration to this effect, Defendant will continue to wrongfully allege that Plaintiff's goods advertised or sold under Plaintiff's Marks infringe Defendant's alleged trademark rights, thereby causing Plaintiff irreparable injury and damage.

**COUNT I:**
**DECLARATORY JUDGMENT OF NO TRADEMARK INFRINGEMENT**

36.   Plaintiff incorporates all proceeding paragraphs as if fully set forth herein.

37.   As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Plaintiff has not infringed and is not infringing Defendant's alleged trademark rights in Defendant's Mark.

38.   A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its right to continue using Plaintiff's Marks in the manner set out in this Complaint.

39.   Plaintiff is entitled to a declaratory judgment that Plaintiff's use of Plaintiff's Marks in connection with sewer easement machines is not likely to cause consumer confusion and does not infringe, either directly or indirectly, any trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a).

**COUNT II:**
**DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY**

40.   Plaintiff incorporates all proceeding paragraphs as if fully set forth herein.

41.   As a result of the acts described in the preceding paragraphs, there exists a controversy of sufficient immediacy and reality to warrant the issuance of a declaratory judgment that Defendant

owned no valid trademark rights in Defendant's Mark as of the date Plaintiff commenced use of Plaintiff's Marks.

42.     A judicial declaration is necessary and appropriate so that Plaintiff may ascertain its rights to continue using Plaintiff's Marks in the manner set out in this complaint.

43.     Plaintiff is entitled to a declaratory judgment that Defendant owned no valid trademark rights in Defendant's Mark as of the date Plaintiff's Marks were first use in commerce.  Plaintiff therefore has not violated any rights in Defendant's Mark.

## COUNT III:
### FEDERAL TRADEMARK INFRINGEMENT (alternative claim)

44.     Plaintiff incorporates all proceeding paragraphs as if fully set forth herein.

45.     Among the various allegations pled herein, Plaintiff contends it holds rights in PROWLER which accrued prior to Defendant's adoption of PROWLER, and thus Plaintiff cannot be infringing any valid trademark rights of Defendant.

46.     Plaintiff further contends that the goods it offers under PROWLER are fundamentally distinct from the goods Defendant offers under PROWLER, and thus cannot be infringing any valid trademark rights of Defendant.

47.     To the extent this or any Court finds that Plaintiff was the first to use PROWLER in commerce in the relevant market(s), but that the parties' goods **are** legally related, Defendant's use of PROWLER (the "Infringing Mark") is therefore infringing Plaintiff's trademark rights in PROWLER.

48.     Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated

with or sponsored by Plaintiff.  Defendant's conduct therefore constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

49.    Upon information and belief, Defendant has committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in PROWLER and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

50.    Defendant's conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court.  Plaintiff has no adequate remedy at law.

51.    Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### COUNT IV:
### FEDERAL UNFAIR COMPETITION (alternative claim)

52.    Plaintiff incorporates all proceeding paragraphs as if fully set forth herein.

53.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is likely to cause consumers to believe, contrary to fact, that Defendant's goods are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendant is in some way affiliated with or sponsored by Plaintiff.

54.    Defendant's unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

55.     Upon information and belief, Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendant with Plaintiff.

56.     Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

57.     Defendant's conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

58.     Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116, 1117, together with prejudgment and post-judgment interest.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1.     Adjudging that Plaintiff has not infringed and is not infringing, either directly or indirectly, any valid and enforceable trademark rights of Defendant under 15 U.S.C. § 1114(1) or 15 U.S.C. § 1125(a);

2.     Adjudging that Defendant owns no enforceable trademark rights in Defendant's Mark that existed prior to the date Plaintiff commenced use of Plaintiff's Marks;

3.     Restraining and enjoining Defendant and each of its officers, directors, agents, counsel, servants, employees, and all of persons in active concert or participation with any of them from alleging, representing, or otherwise stating that Plaintiff's use of Plaintiff's Marks infringes or dilutes any rights of Defendant in Defendant's Mark;

4.   Or, in the alternative:

   a.   That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114) and Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a));

   b.   Granting an injunction permanently enjoining the Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

      i.   manufacturing, distributing/providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute/provide, sell, market, advertise or promote rubber tracks for excavators and other machinery bearing the mark PROWLER any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's PROWLER mark;

      ii.   engaging in any activity that infringes Plaintiff's rights in its PROWLER mark;

      iii.   engaging in any activity constituting unfair competition with Plaintiff;

      iv.   making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendant's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's goods are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendant;

10

v. using or authorizing any third party to use any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

vi. registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark PROWLER or any other mark that infringes or is likely to be confused with Plaintiff's PROWLER mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

vii. aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (i) through (vi).

c. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

d. Directing that Defendant account to and pay over to Plaintiff all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Plaintiff for the damages caused thereby.

5. Declaring Plaintiff the prevailing party and this case as exceptional, and awarding Plaintiff its reasonable attorneys' fees, pursuant to 15 U.S.C. § 1117(a);

6. Awarding Plaintiff all fees, expenses, and costs associated with this action; and

7. Awarding such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands trial by jury of all issues so triable in this Complaint.

Respectfully submitted,

Dated: July 13, 2026                          **ZARLEYCONLEY PLC**

                                    By:    /s/John D. Gilbertson
                                           John D. Gilbertson, AT0014515
                                           Joshua J. Conley, AT0011828
                                           580 Market Street, Suite 101
                                           West Des Moines, IA 50266
                                           Telephone:  (515) 558-0200
                                           Facsimile:   (515) 558-7790
                                           jgilbertson@zarleyconley.com
                                           jconley@zarleyconley.com
                                           **ATTORNEYS FOR PLAINTIFF**